Dear Mr. Paradelas:
In recent correspondence to this office you state that Mr. Paul C. Macaluso, Jr. is the incumbent Justice of the Peace for Ward #7 in Plaquemines Parish. You ask this office to advise if Mr. Macaluso may continue to serve as Justice of the Peace and at the same time work in the Plaquemines Parish Ambulance Department as a full-time EMT-Paramedic.
I. The state law governing dual officeholding prohibits theholding of local elective office and full-time, but not part-time,appointive office.
Applicable here is the Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., the state law which sets forth certain prohibited combinations of public office and/or public employment. A legal analysis relative to the dual officeholding and employment provisions first requires a determination as to the types of positions held. This categorization is important because the statutory prohibitions contained in La.R.S. 42:63 apply only to a person holding certain combinations of "elective office", "appointive office", and "employment" as those terms are specifically defined by La.R.S. 42:62.
A justice of the peace holds elective office for purposes of the dual officeholding law. La.R.S. 42:62(1) defines "elective office" to mean the following:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof. *Page 2 
The position of full-time EMT-Paramedic in the Ambulance Department of the Plaquemines Parish Government is considered a full-timeappointive office for purposes of the dual officeholding law. La.R.S. 42:62(2) defines "appointive office" to mean the following:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
For purposes of dual officeholding, a person holding the position of EMT-Paramedic holds an "appointive office" because this position is "specifically established . . . by the . . . ordinances of any political subdivision thereof . . . which is filled by appointment . . . by an elected or appointed public official . . . of a political subdivision thereof." The position of full-time EMT-Paramedic is established by Plaquemines Parish Ordinance No. 09-125, [1] adopted May 28th, 2009, and the appointment is made by the elected Plaquemines Parish President.[2]
"Full-time" and "part-time" are terms defined by La.R.S. 42:62(4) and (5), stating:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment *Page 3 
and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the hours of work defined in this Section as full-time.
The prohibition of the dual officeholding law applicable in this matter is La.R.S. 42:63(D), providing in pertinent part:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . .
[Emphasis added].
La.R.S. 42:63(D) prohibits a local elected official from at the same time holding a full-time appointive office in any political subdivision of the state.[3] Thus, it is the opinion of this office that Mr. Macaluso is prohibited by law from serving as Justice of the Peace and at the same time holding the full-time appointive office of EMT-Paramedic in the Plaquemines Parish Ambulance Department. This office expressed similar reasoning in La. Atty. Gen. Op. 92-451, there concluding that an elected justice of the peace may not also hold either the full-time appointed position of minute clerk or the full-time appointed position of deputy clerk of court.
You have also asked this office to advise if Mr. Macaluso may continue to serve as Justice of the Peace and at the same time work as a parish EMT-Paramedic on a part-time rather than a full-time basis. We note that La.R.S. 42:63(D) prohibits the holding of elective office and full-time appointive office, but does not prohibit the holding of elective office and part-time appointive office. Thus, it is the opinion of this office that La.R.S. 42:63(D) would not prohibit Mr. Macaluso from serving as Justice of the Peace and at the same time working for the parish as a part-time EMT-Paramedic.[4] *Page 4 
The above discussion is limited to an examination of the dual officeholding provisions and does not address any provisions of the Code of Judicial Conduct which may be applicable in this matter. The Code of Judicial Conduct is binding on all judges, including justices of the peace. See In re Adams,959 So.2d 474 (La. 2007). The Canons of the Code of Judicial Conduct control over the provisions of the dual officeholding law and may prevent a justice of the peace from holding another office or employment which is not prohibited by the dual officeholding law. For example, as already noted above, La.R.S. 42:63(D) does not prohibit an elected official from holding a part-time appointive office; however, the Judiciary Commission has ruled that a justice of the peace may not also hold the part-time appointive office of deputy sheriff.
In the case of In re Mclnnis, 769 So.2d 1186 (La. 2000), upon recommendation of the Judiciary Commission, the Louisiana Supreme Court censured the Justice of the Peace of Ward I, St. Bernard Parish, because he maintained a financial relationship with the sheriffs office — first as a full-time employee and commissioned deputy and then as an independent contractor — while a sitting justice of the peace, and after he was advised that such a relationship was a violation of Canons 1, 2(A), and 5(C)(1) of the Code of Judicial conduct.[5] Under Mclnnis, employment with the sheriff's office tends to "involve the judge in frequent transactions with lawyers or persons likely to come before the court on which he or she serves" in violation of Canon 5(C)(1). See also La. Atty. Gen. Op. 08-0154. *Page 5 
Mr. Malacuso, as a Justice of the Peace, is governed by the Code of Judicial Conduct, and is well-advised to consult with the Louisiana Supreme Court Committee on Judicial Ethics prior to accepting any additional position of public office or public employment. The committee may be contacted at 400 Royal Street, Suite 1190, New Orleans, LA 70130; phone 504-310-2550.
II. Plaquemines Parish officers and employees holdingclassified positions may not engage in political activities andmay not campaign for public office.
You advise this office that, as authorized by La.Const. Art. X § 14, the citizens of Plaquemines Parish by local option election adopted a system of classified service applicable to all parish officers and employees.[6] State, city and parish civil service officers and employees are subject to the prohibition against political activity as set forth in La.Const. Art. 10 § 9, providing that "no officer or employee in the classified service shall participate or engage in political activity", nor shall that officer or employee "be a candidate for nomination or election to public office . . ."
The Plaquemines Parish Civil Service Commission has adopted the language of La.Const. Art. 10 § 9 in Rule XV, Section 1, providing in part:
Prohibitions Against Political Activities Section 1. Prohibited Activities
1.1 No member of a civil service commission and no officer or employees in the classified service shall participate or engage in political activity; be a candidate for nomination or election to public office except to seek election as the classified state employee serving on the State Civil Service Commission . . .
[Emphasis added.] *Page 6 
Rule XV adopts the language of La.Const. Art. X § 9, and prohibits an officer or employee in the parish classified service from being a "candidate for nomination or election to public office." You advise this office that the position of EMT-Paramedic is classified and is subject to the restrictions of Rule XV. Thus, should Mr. Malacuso continue as Justice of the Peace and at the same time work for the parish as a part-time EMT-Paramedic, he will be required to resign from one of these positions if he campaigns for re-election as Justice of the Peace.[7]
Finally, you advise that the Plaquemines Parish Civil Service Commission will soon consider a new Rule which prohibits a person elected to public office from at the same time holding any position in the parish classified service. If such a Rule is adopted, Mr. Malacuso will be prohibited from serving as Justice of the Peace and at the same time holding any position in the parish classified service, whether part-time or full-time.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KETRRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] Plaquemines Parish Ordinance No. 09-0125 provides, in pertinent part:
 ORDINANCE NO. 09-125
The following Ordinance was offered by Council Member Banta who moved its adoption:
An Ordinance to amend the Public Health Fund, 2009 Manpower Structure, Ambulance-General Department; and otherwise to provide with respect thereto.
 SECTION 1
The Public Health Fund, 2009 Manpower Structure, Ambulance-General Department is amended by deleting two part-time EMT Basic vacant/funded positions and three part-time EMT Paramedic vacant/funded positions and adding one full-time EMT Paramedic position.
[2] Article 3, Section 3.10(E) of the Plaquemines Parish Home Rule Charter provides "the Parish President shall . . . appoint and remove all administrative and executive officers and employees of the Parish, in accordance with the Parish Council adopted employment policies . . ."
[3] La.R.S. 42:62(9) defines "political subdivision" to include a parish and justice of the peace courts.
[4] In accord with this reasoning are several previous opinions of this office. See La. Atty. Gen. Op. 03-0010 (a locally elected Justice of the Peace can also serve on a state board or commission by appointment of the Governor, if the appointed position on the board or commission is part-time); La. Atty. Gen. Op. 98-281 (a justice of the peace may also serve on a Fire District Board, provided that the appointed position on the Board is a part-time position); La. Atty. Gen. Op. 09-0116 (elected justice of the peace may hold the appointed position of parish hearing officer if held on a part-time basis).
[5] Canons 1, 2(A), and 5(C)(1) of the Code of Judicial Conduct provide:
CANON 1 A Judge Shall Uphold the Integrity and Independence ofthe Judiciary
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and shall personally observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code are to be construed and applied to further that objective. As a necessary corollary, the judge must be protected in the exercise of judicial independence.
CANON 2 A Judge Shall Avoid Impropriety and the Appearance ofImpropriety in All Activities
A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
As used in this Code, "impartiality" or "impartial" denotes absences of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintaining an open mind in considering issues that may come before the judge.
CANON
5 Extra-Judicial Activities A Judge Shall Regulate Extra-JudicialActivities to Minimize the Risk of Conflict With Judicial Duties
C. Financial Activities.
A judge shall refrain from financial and business dealings that tend to reflect adversely on the judge's impartiality, interfere with the proper performance of judicial duties, exploit the judge's judicial position, or involve the judge in the frequent transactions with lawyers or persons likely to come before the court on which he or she serves.
[6] La.Const. Art. X § 14 provides, in part:
Section 14. (A) Local Option. Each city having a population exceeding ten thousand but not exceeding four hundred thousand, each parish, and each parish governed jointly with one or more cities under a plan of government, having a population exceeding ten thousand, according to the latest official decennial federal census, may elect to be governed by this Part by a majority vote of its electors voting at an election held for that purpose. . . .
 ***** (B) Acceptance. If a majority of the electors vote to adopt this Part, its provisions shall apply permanently to the city, the parish, or the city-parish, as the case may be, and shall govern it as if this Part had originally applied to it. In such case, all officers and employees of the city, the parish, or the city-parish, as the case may be, who have acquired civil service status under a civil service system established by legislative act, city charter, or otherwise, shall retain that status and thereafter shall be subject to and be governed by this Part and the rules and regulations adopted under it.
[7] The opinions of this office recognize that officers and employees in the classified service may not campaign for public office. See La. Atty. Gen. Op. 97-235 (the prohibition against political activity contained in Art. 10 § 9 is applicable to classified parish employees); La. Atty. Gen. Op. 83-87 (classified state employee must resign his or her current position in order to be candidate for election to public office); La. Atty. Gen. Op. 82-665 (an employee of a police jury under civil service may not run for office and remain an employee of the police jury); La. Atty. Gen. Op. 78-1298 (an appointed chief of police in the classified service may not run for public office without first resigning his position as chief of police, as he would still be a classified employee even if on a leave of absence and would therefore be prohibited from engaging in political activity).